1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

BROADCAST MUSIC, INC., as agent for
Broadcast Music, LLC; WARNER-
TAMERLANE PUBLISHING CORP.;
UNICHAPPEL MUSIC INC.; SONY/ATV
SONGS LLC d/b/a SONY/ATV ACUFF
ROSE MUSIC; HIP CITY MUSIC INC.; and
HIFROST PUBLISHING,

           Plaintiffs,

    vs.

14
15
16
17

PURE MEXICAN GRILL, LLC d/b/a
MARIPOSA COCINA & COCKTAILS;
TONY SAROYA, an individual; YOGENDRA
SOLANKI, an individual; RAJA MITTAL, an
individual, and SURJIT HEERA, an individual,

           Defendants.

18

Case No.: 2:25-cv-727-JCM-DJA

**ORDER GRANTING
PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT
PURE MEXICAN GRILL, LLC**

19
20
21
22
23
24

    This matter came before the Court on the Motion for Default Judgment (ECF No. 15) (the "Motion") filed by Plaintiffs Broadcast Music, Inc., as agent for Broadcast Music, LLC, Warner-Tamerlane Publishing Corp., Unichappel Music Inc., Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music, Hip City Music Inc., and Hifrost Publishing ("Plaintiffs") against Defendant Pure Mexican Grill, LLC d/b/a Mariposa Cocina & Cocktails ("Mariposa"). Having considered the pleadings, Motion, declarations, and memorandum in support, the Court finds as follows:

25

**I.    FINDINGS OF FACT**

26
27

    1.    Mariposa was properly served with the Summons and Complaint on July 18, 2025, pursuant to Fed. R. Civ. P. 4. *See* Affidavit of Service, ECF No. 6. Mariposa thereafter failed to

plead or otherwise defend, and the Clerk entered default on September 8, 2025. *See* Default, ECF No. 11.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1338 because Plaintiffs assert claims under the Copyright Act, 17 U.S.C. § 101 *et seq.* The Court has personal jurisdiction over Mariposa, a Nevada limited liability company that operates in Nevada and maintains its principal place of business in Nevada. *See* Compl., ECF No. 1, at ¶ 10.

3. Courts may enter default judgment against a party against whom default has been entered due to its failure to plead or defend. *See* Fed. R. Civ. P. 55(b)(2). Upon default, the well-pleaded allegations of the Complaint, except those relating to damages, are taken as true. *LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1112–13 (D. Nev. 2017) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) and Fed. R. Civ. P. 8(b)(6)). The evidentiary submissions, including the Flynn and Adewumi declarations, further corroborate Plaintiffs' allegations.

4. Plaintiffs own or are the licensing agents for the copyrights in the six musical compositions identified in the Complaint. *See* Compl., ECF No. 1, at ¶¶ 3–9.

5. On December 14, 2024, and January 28, 2025, Mariposa publicly performed, or caused to be publicly performed, at its establishment located at 2575 S. Decatur Blvd., Las Vegas, Nevada 89102, six musical compositions in the BMI repertoire without a license or other authorization, notwithstanding numerous communications from BMI advising of the need to obtain a public performance license. *See* Compl., ECF No. 1, at ¶¶ 10–11, 23–29; Flynn Decl., ECF No. 15-3, at ¶¶ 3, 4, 7, 8, 11, 12, Exs. A–B.

6. Mariposa's conduct constitutes six separate acts of copyright infringement in violation of 17 U.S.C. § 501. *See* Compl., ECF No. 1, at ¶¶ 22–28.

## II.    CONCLUSIONS OF LAW

7. The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), and finds they weigh in favor of entering default judgment:

///

SL_8705190.1

a.  <u>Prejudice</u>. Absent default judgment, Plaintiffs would be left without recourse to vindicate their rights, having incurred costs and fees to investigate and prosecute the infringements while Mariposa refuses to participate. *See Scott v. Olives, Inc.*, No. 2:24-CV-01555-RFB-DJA, 2025 WL 1577908, at *4 (D. Nev. June 3, 2025) ("Because [defendant] has not appeared in this action, Plaintiff will be left without recourse or recovery … if judgment is not entered."); *see also PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment ... If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). This factor weighs in favor of entering default judgment.

b.  <u>Merits and Sufficiency</u>. The second and third *Eitel* factors require a plaintiff to have stated a claim on which it may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). A prima facie case of copyright infringement consists of: (1) ownership of an exclusive right under copyright, and (2) copying or other act of infringement of the rights afforded under the Copyright Act. *See Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). An unauthorized public performance of a musical composition in an establishment renders the owners thereof liable for infringement. *See Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1152–53 (9th Cir. 2012); *Buck v. Jewell-LaSalle Realty Co.*, 283 U.S. 191 (1931). The Complaint states a meritorious claim for copyright infringement, alleging ownership/agency rights and unauthorized public performance. The evidentiary record corroborates those allegations. This factor weighs in favor of entering default judgment.

c.  <u>Sum at Stake</u>. The fourth *Eitel* factor examines "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2:14-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016) (quoting *Landstar Ranger,*

*Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)). Where the damages sought are within a conservative and permissible range, such an award should not be considered disproportionately large for the purposes of this factor. *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1056 (C.D. Cal. 2011). The requested statutory damages of $7,500 per work (total $45,000), approximately three times the unpaid licensing fees, are proportionate to the conduct and within the conservative range routinely awarded for similar willful and repeated unlicensed public performances. *See Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) (awarding "five times the sum of BMI's unpaid licensing fees"); *Broadcast Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1135 (D. Ariz. 2013) (awarding "roughly four times the licensing fees"); *Broadcast Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 169 (D.N.J. 1995) (awarding "approximately five times the license fee"); *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1264 (S.D. Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990) (awarding more than three times the licensing fees); *Golden Torch Music Corp. v. Pier III Cafe, Inc.*, 684 F. Supp. 772, 774 (D. Conn. 1988) (awarding more than five times the license fees); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229–30 (7th Cir. 1991) (awarding "approximately three times the amount due under past license agreements"). This factor weighs in favor of entering default judgment.

d.    <u>Possibility of Dispute</u>. The fifth *Eitel* factor weighs the possibility of dispute as to material facts at issue in the case. *See PepsiCo*, 238 F. Supp. at 1177. Given default and the evidentiary support, there is little likelihood of a material factual dispute as to liability. This factor weighs in favor of entering default judgment.

e.    <u>Excusable Neglect</u>. The sixth *Eitel* factor considers whether the defendant's default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

4

The record reflects proper service and additional notice efforts. Mariposa's failure to appear is not due to excusable neglect. This factor weighs in favor of entering default judgment.

        f.    <u>Policy for Merits</u>. The final *Eitel* factor holds that "default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996); *see also PepsiCo*, 238 F. Supp. at 1177. Although decisions on the merits are favored, Mariposa's nonparticipation makes such resolution impracticable. This factor does not preclude entry of default judgment.

        8.    Statutory damages are appropriate under 17 U.S.C. § 504(c). An award of $7,500 per infringement, for a total of $45,000, is just and reasonable in light of Mariposa's repeated unlicensed public performances despite receiving multiple notifications from BMI.

        9.    Plaintiffs are entitled to a permanent injunction under 17 U.S.C. § 502. To obtain a permanent injunction, "[a] plaintiff must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014). Plaintiffs have shown irreparable harm from ongoing infringement, the inadequacy of legal remedies, that the balance of hardships favors an injunction, and that the public interest is furthered by enforcing copyright protections.

        10.    Plaintiffs are prevailing parties entitled to recover their reasonable attorney's fees and full costs under 17 U.S.C. § 505. The Ninth Circuit applies the lodestar method for calculating an award of attorney's fees. *See Machowski v. 333 N. Placentia Prop., LLC*, 38 F.4th 837, 840–41 (9th Cir. 2022). Attorney's fees are calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018).

SL_8705190.1

11.     The Court has considered the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) and LR 54-14, and finds that the requested fees of $13,487.50 are reasonable under the lodestar method given counsel's experience, rates within the Las Vegas market, and the time reasonably expended:

    a.     Attorney Trey A. Rothell's hourly rate of $325 per hour is reasonable for the Las Vegas market, given his skill and experience. Mr. Rothell earned his JD from the Florida State University College of Law and has been licensed to practice law in the State of Nevada for over four years. *See* Rothell Decl., ECF No. 15-4, at ¶ 15. His experience includes representing clients in litigation matters, including intellectual property cases, and his customary hourly rate falls between $430 per hour and $325 per hour. *See id.* at ¶ 16–17.

    b.     The Court has reviewed the materials submitted in support of the requested fee award, including the spreadsheet of time entries provided. *See* Rothell Decl., ECF No. 15-4, Ex. A. The 41.5 hours billed were reasonably expended and supported by contemporaneous time records.

    c.     The remaining *Kerr* factors either support or are neutral as to the requested attorney's fees award.

12.     The Court has reviewed the costs sought by Plaintiffs in the amount of $1,792.02, including $1,515.00 ordinarily taxable under LR 54-1 through 54-13 and $277.02 not otherwise ordinarily taxable. *See* Rothell Decl., ECF No. 15-4, Ex. B. The Court finds that the requested costs are reasonable and that Plaintiffs are entitled to an award of these costs. To the extent litigation expenses are not ordinarily awardable as taxable costs, such expense shall constitute part of the attorney's fees awarded to Plaintiffs.

13.     Plaintiffs are entitled to pre- and post-judgment interest. 28 U.S.C. § 1961; *Autodesk, Inc. v. Flores*, No. 10-CV-01917-LHK, 2011 WL 337836, at *10 (N.D. Cal. Jan. 31, 2011) (awarding post-judgment interest on "aggregate sum of statutory damages, attorney's fees, and costs awarded"); *see also Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004) ("It is not difficult to imagine a case involving undisputed copyright infringement—as is the case

here—in which prejudgment interest may be necessary to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees"). Prejudgment interest is calculated from the date of the infringement. *See Oracle USA, Inc. v. Rimini St., Inc.*, 209 F. Supp. 3d 1200, 1212 (D. Nev. 2016). Prejudgment interest on the damages and costs, including attorney's fees, shall run from the date of the latest infringement, January 28, 2025, at a rate of 4.14 percent. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

## III.  ORDER

Accordingly, IT IS ORDERED AND ADJUDGED that Plaintiffs' Motion for Default Judgment Against Defendant Pure Mexican Grill, LLC (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall recover from Defendant Pure Mexican Grill, LLC, statutory damages in the amount of $7,500 for each of the six musical compositions, for a total of $45,000, pursuant to 17 U.S.C. § 504(c)(1).

IT IS FURTHER ORDERED that Plaintiffs shall recover from Defendant Pure Mexican Grill, LLC, full costs in this action, including reasonable attorney's fees in the amount of $13,487.50 and expenses in the amount of $1,792.02, pursuant to 17 U.S.C. § 505.

IT IS FURTHER ORDERED that Plaintiffs shall recover from Defendant Pure Mexican Grill, LLC prejudgment interest on the full amount of its statutory damages and costs, including attorney's fees, from January 28, 2025, until the date of this order, at a rate of 4.14 percent.

IT IS FURTHER ORDERED that Plaintiffs shall recover from Defendant Pure Mexican Grill, LLC, post-judgment interest on the full amount of this judgment, from the date of judgment accruing until the amount is paid in full, pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that Defendant Pure Mexican Grill, LLC, and its agents, servants, employees, and all persons acting under its permission or authority are permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

IT IS FURTHER ORDERED that this Court retains jurisdiction over this action for the purpose of enforcing the judgment.

1       IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment

2  consistent with this Order.

3       IT IS SO ORDERED.

4       DATED December 17, 2025.

<br>

Hon. James C. Mahan
UNITED STATES DISTRICT JUDGE

SL_8705190.1